IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNETH AARON TURPITT                                              Plaintiff

v.                              4:07CV01100 JLH/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                           Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Defendant has moved to dismiss this case for want of subject matter jurisdiction, urging that Plaintiff has failed to exhaust his administrative remedies and thus there has been no final decision of the Commissioner from which to appeal. Although time has passed, Plaintiff has not responded to Defendant's motion to dismiss.

>   (g) Judicial review.  Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405 (1995).

>   (h) Finality of Commissioner's decision.  The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . .

<u>Id.</u>

In conjunction with his motion, Defendant has filed the affidavit of an appropriate official of the Social Security Administration.  That affidavit and attached exhibits show that Plaintiff filed applications for Disability Insurance benefits and Supplemental Security Income on February 20, 2006.  On September 26, 2007, an Administrative Law Judge (ALJ) issued a decision finding that Plaintiff was not disabled.  The Appeals Council has not received a request for review of the ALJ's decision.  On November 9, 2007, this case was filed. (Docket #1)  The complaint incorrectly states that the Appeals Council denied Plaintiff's request for review of the ALJ's decision September 26, 2007.  <u>Id.</u>, paragraph 7.  That is the date of the ALJ's decision.

The Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted.

Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992).

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger v. Salfi, 422 U.S. 749, 765 (1975).

It is clear that Plaintiff failed to exhaust his administrative remedies.  Defendant's motion to dismiss is well taken.

THEREFORE, it is hereby

RECOMMENDED that Defendant's Motion to Dismiss (docket #3) be granted, and that Plaintiff's complaint be dismissed without prejudice.

DATED this __24__ day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE